FILED
SUPERIOR COURT
OF GUAM

2022 JUN 30 PH 5: 00

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO.: CF0198-20** |
| **vs.** | |
| **KEVIN MICHAEL JACKSON, JR.,** DOB: 01/22/1986 | **DECISION AND ORDER** |
| **DEFENDANT.** | |

### INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on March 29, 2022, upon Defendant Kevin Michael Jackson, Jr.'s ("Defendant") *Ex Parte* Motion to Release Defendant on Personal Recognizance ("Motion to Release"). Assistant Attorney General Katherine Nepton represents the People of Guam ("People") and Attorney John Terlaje represents Defendant. For the reasons below, having reviewed the pleadings and arguments in this matter, Defendant's Motion to Release is hereby **DENIED.**

### BACKGROUND

On July 20, 2020 a grand jury returned an indictment and charged Defendant with two (2) counts of SECOND DEGREE ROBBERY (as a Second Degree Felony) with a SPECIAL ALLEGATION: Possession of Use of a Deadly Weapon in the Commission of a Felony, TERRORIZING (as a Third Degree Felony) with a SPECIAL ALLEGATION: Possession of Use of a Deadly Weapon in the Commission of a Felony, ASSAULT (as a Misdemeanor), THEFT (as a

Misdemeanor), and ELUDING A POLICE OFFICER (as a Misdemeanor). See Indictment (July 4, 2020). According to the Declaration attached to the Magistrate's Complaint, the charges against Defendant were based on allegations that Defendant held the victim ("Victim") at knifepoint, while robbing the business establishment, Elite Bakery ("Elite"). See Magistrate's Complaint (Apr. 4, 2020). Upon seeing GPD officers, Defendant fled and hid from the police officers. Id. Defendant admitted to the police officers investigating the incident that he "took the money" but he denied "do[ing] anything else." Id. In addition to the witness report of Victim, several witnesses observed an individual flee from Elite. Id.

Defendant remains in custody pending the posting of Five Thousand Dollars ($5,000.00) cash bail. See Order (Pre-trial Confinement) (May 29, 2020). Defendant moves for his release on personal recognizance. See *Ex Parte* Motion (Mar. 29, 2022). The People did not file an opposition, but orally opposed the instant motion. See Minutes (Apr. 15, 2022).

## DISCUSSION

Guam law provides that "[a] person for whom conditions of release are imposed ... and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50.

Section 40.15 of Title 8 of the Guam Code states that the Court must "order the person charged to be released on recognizance, *unless the judge determines*, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GCA § 40.15(b) (emphasis added). Further, Guam law requires that the Court impose the least onerous conditions necessary to ensure the person appears in court and to keep the community safe. 8 GCA § 40.20;

see Guam v. Song, 2011 Guam 19 ¶ 11. In making such determination, the Court must consider the nature of the offense charged, the apparent possibility of conviction, and the likely sentence. 8 GCA § 40.15(c)(1). The Court must also consider a series of other factors, such as the history and characteristics of the person charged, his reputation and character, his prior criminal record, any records of prior release on recognizance or on bail, and any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or any member of the community. Id. at (c)(2) through (6).

The charges contained in the Indictment involve actions of a violent nature—using a knife to threaten the Victim. Additionally, Defendant's criminal history is as follows: one (1) prior conviction in CM0521-16 (Disorderly Conduct); and pending criminal charges in CM0506-19 (Family Violence). Significantly, Defendant may have violated his pre-trial release conditions in CM0506-19, and the Court is concerned that Defendant may not comply with pre-trial release conditions in the case at bar either. Thus, the Court agrees with the People that Defendant fails to provide the Court with any reasonable assurances that the safety and well-being of the victim, other persons, or the community would not be endangered. Further, in light of Defendant already fleeing and hiding from law enforcement, the Court is concerned that Defendant is a flight risk. Moreover, the potential lengthy sentence compounds the Court's concerns of Defendant being a flight risk. Ultimately, the Court finds that releasing Defendant on personal recognizance is unwarranted at this time, and that a Five Thousand Dollar ($5,000.00) cash bail is an appropriate amount.

## CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Release Defendant on Personal Recognizance is hereby **DENIED**.

**SO ORDERED** JUN 3 0 2022 .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**